Neil A. Smith (SBN 63777)
Yaacov Silberman (SBN 257109)
RIMON P.C.
One Embarcadero Center, Suite 400
San Francisco, CA 94111
Phone:          (415) 377-9280
Facsimile:     (800) 930-7271
Email:          neil.smith@rimonlaw.com

Leslie A. Burgk (*Pro Hac Vice* Application Forthcoming)
LESLIE A. BURGK, P.A.
580 Village Blvd, Suite 150
West Palm Beach, Florida 33409
561-932-0900 WPB
772-408-8086 Facsimile
leslie@leslieburgk.com
*Attorney for Defendant*
*HYPER NETWORK SOLUTIONS, LLC*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THRESHOLD ENTERPRISES LTD., a Delaware corporation,<br><br>                     Plaintiff,<br><br>     v.<br><br>HYPER NETWORK SOLUTIONS, LLC, a Florida limited liability company,<br><br>                     Defendant. | Case No. 5:14-cv-01780-HRL<br><br>ANSWER OF HYPER NETWORK SOLUTIONS, LLC TO COMPLAINT; JURY DEMAND |

Defendant Hyper Network Solutions, LLC ("Hyper Network") responds to the Complaint for trademark infringement ("Complaint") filed by Plaintiff Threshold Enterprises Ltd. ("Threshold") as follows:

**JURISDICTION**

1.      Hyper Network admits that this Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a), 15 U.S.C. §§ 1051, *et seq*., and 28 U.S.C. §§ 1338(b) and 1367.

2.      Hyper Network does not contest personal jurisdiction for purposes of this action only.

**VENUE**

3.      Hyper Network does not contest venue in this district for purposes of this action only.

**INTRADISTRICT ASSIGNMENT**

4.      Hyper Network admits that this case is an Intellectual Property Action and is, therefore, not subject to assignment to a particular location or division under Local Rule 3-2(c) and General Order No. 44

**THE PARTIES**

5.      Hyper Network is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and on that basis denies them.

6.      Hyper Network admits only that it was a Florida limited liability company with its principal place of business located at 3750 Investment Lane, Suite 2, West Palm Beach, Florida 33404. It is now non-existent, having transferred its assets to Network Solutions of Florida LLC. Hyper Network admits that it used the mark NU-SOURCE on a coconut oil supplement product sold to one United States' retailer. Hyper Network admits that it owned and operated a website at <nusourcenaturals.com>; the remainder of the allegations in Paragraph 6 are otherwise denied.

**FACTS GIVING RISE TO ALL CLAIMS FOR RELIEF**

7.      Hyper Network is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and on that basis denies them, except that Hyper Network admits that the Exhibit A appears to be a copy of the numbered

registration.

8.      Hyper Network is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and on that basis denies them, except that Hyper Network admits that the Exhibit B appears to be a copy of the numbered registration.

9.      Hyper Network is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and on that basis denies them.

10.      Hyper Network is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and on that basis denies them.

11.      Hyper Network denies the allegations of paragraph 11.

12.      Hyper Network denies the allegations of paragraph 12.

13.      Hyper Network admits only that it sold a coconut oil supplement using its federally registered U.S. trademark for NU-SOURCE to one United States' retailer, but denies the remainder of paragraph 13.

14.      Hyper Network admits only that it sold a NU-SOURCE marked coconut oil dietary and nutritional supplement to a single United States retailer; the remainder of the allegations of paragraph 14 are otherwise denied.

15.      Hyper Network denies the allegations of paragraph 15.

16.      Hyper Network admits only that it owned and has operated the website address <nusourcenaturals.com>; the remainder of the allegations of paragraph 16 are otherwise denied.

17.      Hyper Network admits only that it had a trademark registration for NU-SOURCE (Serial No. 77/693,465 and Registration No. 3686026) which was acquired by way of assignment.  Hyper Network further admits only that the mark is registered for dietary and nutritional supplements and that the declaration of first use of the NU-SOURCE mark was "At least as early as 03/01/2006".  Hyper Network denies the remainder of the allegations in paragraph 17.

1

**FIRST CAUSE OF ACTION**

2

**ALLEGED FEDERAL TRADEMARK INFRINGEMENT**

3      18.     Hyper Network repeats and incorporates by reference its responses in

4    Paragraphs 1-17 above as though fully set forth herein.

5      19.     Hyper Network denies the allegations of Paragraph 19.

6      20.     Hyper Network denies the allegations of Paragraph 20.

7      21.     Hyper Network denies the allegations of Paragraph 21.

8      22.     Hyper Network denies the allegations of Paragraph 22.

9      23.     Hyper Network denies the allegations of Paragraph 23.

10     24.     Hyper Network denies the allegations of Paragraph 24.

11

**SECOND CAUSE OF ACTION**

12

**ALLEGED COMMON LAW TRADEMARK INFRINGMENT**

13     25.     Hyper Network repeats and incorporates by reference its responses in

14    Paragraphs 1-24 above as though fully set forth herein.

15     26.     Hyper Network denies the allegations of Paragraph 26.

16     27.     Hyper Network denies the allegations of Paragraph 27.

17     28.     Hyper Network denies the allegations of Paragraph 28.

18     29.     Hyper Network denies the allegations of Paragraph 29.

19     30.     Hyper Network denies the allegations of Paragraph 30.

20     31.     Hyper Network denies the allegations of Paragraph 31.

21

**THIRD CAUSE OF ACTION**

22

**ALLEGED FEDERAL TRADEMARK DILUTION**

23     32.     Hyper Network repeats and incorporates by reference its responses in

24    Paragraphs 1-31 above as though fully set forth herein.

25     33.     Hyper Network denies the allegations of Paragraph 33.

26     34.     Hyper Network denies the allegations of Paragraph 34.

27     35.     Hyper Network denies the allegations of Paragraph 35.

28

1

**FOURTH CAUSE OF ACTION**

2

**ALLEGED FEDERAL UNFAIR COMPETITION**

3

       36.    Hyper Network repeats and incorporates by reference its responses in

4

Paragraphs 1-35 above as though fully set forth herein.

5

       37.    Hyper Network denies the allegations of Paragraph 37.

6

       38.    Hyper Network denies the allegations of Paragraph 38.

7

       39.    Hyper Network denies the allegations of Paragraph 39.

8

**FIFTH CAUSE OF ACTION**

9

**ALLEGED STATE AND COMMON LAW UNFAIR COMPETITION**

10

       40.    Hyper Network repeats and incorporates by reference its responses in

11

Paragraphs 1-39 above as though fully set forth herein.

12

       41.    Hyper Network denies the allegations of Paragraph 41.

13

       42.    Hyper Network denies the allegations of Paragraph 42.

14

       43.    Hyper Network denies the allegations of Paragraph 43.

15

       44.    Hyper Network denies the allegations of Paragraph 44.

16

       45.    Hyper Network denies the allegations of Paragraph 45.

17

       46.    Hyper Network denies the allegations of Paragraph 46.

18

**SIXTH CAUSE OF ACTION**

19

**ALLEGED VIOLATION OF THE ANTI-CYBERSQUATTING CONSUMER**

20

**PROTECTION ACT**

21

       47.    Hyper Network repeats and incorporates by reference its responses in

22

Paragraphs 1-46 above as though fully set forth herein.

23

       48.    Hyper Network denies the allegations of Paragraph 48.

24

       49.    Hyper Network denies the allegations of Paragraph 49.

25

       50.    Hyper Network denies the allegations of Paragraph 50.

26

**RELIEF**

27

Hyper Network denies that Threshold is entitled to any of the requests for relief

28

1   enumerated in its Complaint and respectfully requests that the Court enter judgment against

2   Threshold on all of Threshold's claims.

3                    **HYPER NETWORK'S AFFIRMATIVE AND OTHER DEFENSES**

4           In further response to the Complaint, and without conceding or assuming that Hyper

5   Network bears the burden of proof on such issues, Hyper Network alleges the following

6   affirmative and other defenses and reserves the right to amend its Answer as additional

7   information becomes available:

8                                   **First Defense**

9           A.      Hyper Network has not infringed any Federal or state law claims or rights of

10  Threshold.

11                                  **Second Defense**

12          B.      Threshold fails to state any claim against Hyper Network upon which relief

13  may be granted.

14                                  **Third Defense**

15          C.      On information and belief, a reasonable opportunity for discovery will

16  establish that Threshold is barred in whole or in part under principles of equity, including

17  waiver, estoppel, unclean hands, and/or laches.

18                                  **Fourth Defense**

19          D.      Threshold is not entitled in injunctive relief because any alleged remedy is not

20  immediate or irreparable.  To the extent Threshold proves that it would be entitled to any

21  relief, it would have an adequate remedy at law.  Moreover, the public interest and balance of

22  hardships disfavors an injunction under the circumstances of this case.

23                                  **Fifth Defense**

24          E.      Any use in whole or in part of the words of Threshold's trademarks is good

25  faith, non-trademark, descriptive use. The terms "source" and "naturals" are commonly used

26  terms in the supplement industry. Further, the Plaintiff's registrations contain disclaimers of

27  the exclusive right to use the term "naturals."

28

1

**Sixth Defense**

2    F.    The Defendant owned and used a lawfully acquired federal U.S. trademark

3 registration no. 3686026, which was subject to examination at the United States Patent &

4 Trademark Office.

5    Hyper Network's investigation of the claims and its defenses is ongoing.  In addition

6 to the defenses set forth herein, Hyper Network expressly reserves the right to allege and

7 assert any additional defenses under Rule 8 of the Federal Rules of Civil Procedure, the laws

8 of the United States, and any other defense, at law or in equity, that may now exists or

9 become known or available in the future based upon discovery and further investigation in

10 this case.

11    **HYPER NETWORK'S REQUEST FOR RELIEF**

12    Hyper Network respectfully requests that this Court:

13    A.    Dismiss with prejudice Threshold's Complaint against Hyper Network in its

14 entirety;

15    B.    Deny any and all relief sought by Threshold.

16    C.    Declare this to be an exceptional case under 35 U.S.C. § 285 and award Hyper

17 Network its attorneys' fees;

18    D.    Award Hyper Network its costs of this action; and

19    E.    Award Hyper Network whatever further relief the Court deems just and

20 proper.

21 DATED:  June 16, 2014

22    RIMON P.C.

23    By: _____ /s/ *Neil A. Smith*
     Neil A. Smith
24    Yaacov Silberman

25    Attorneys for Defendant *Hyper Network
     Solutions, LLC*

26

27

28

1                                  DEMAND FOR JURY TRIAL

2          51. Hyper Network requests a jury trial on all issues triable by a jury.

3

4 DATED:  June 16, 2014

5                                     RIMON P.C.

6                                     By: _____ */s/ Neil A. Smith*

7                                         Neil A. Smith
                                        Yaacov Silberman

8                                     Attorneys for Defendant *Hyper Network Solutions, LLC*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28